Jackson
v.
Caywood.

JACKSON, ex dem. McLean and others, *vs.* CAYWOOD.

The provision respecting *payment for improvements* in the act respecting the
military tract is *retrospective ;* that is, payment can be claimed only where a
settlement was actually made one the lands previous to the passage of the
act in 1813.

So also the *limitation* as to bringing suits previous to the 1st January 1823,
only applies where the land was actually settled previous to 1813.

THIS was an action of ejectment, tried at the Wayne circuit
in January, 1826, before the Hon. ENOS T. THROOP, then
one of the circuit judges.

This action was brought since the 1st January, 1823, for
the recovery of 125 acres, part of lot No. 8, Galen, in the *mili-
tary tract.* The lessors of the plaintiff shewed title to the lot
under Daniel McLean, the *soldier,* in whose name the patent
issued, who died in 1782. The defendants read in evidence
a warranty deed of the whole lot from G. Carth to W. Drum,
bearing date in July, 1814, a deed of the premises in question
from Drum to E. Scott, dated in February, 1825, and a con-
tract for the sale of the same from Scott to the defendant,
bearing date in May, 1816. He also proved that he went
into possession of the premises in the winter of 1817, when
they were wholly uncultivated ; that there are now 70 acres
cleared and fenced, and a log house, barn and shop have
been erected, and an apple and peach orchard have been
planted. The only questions in this case are whether the les-
sors of the plaintiff are bound to pay the defendant for the im-
provements made upon the premises previous to the suing out
of a writ of possession, under the " act concerning lands in the
military tract," passed the 8th April, 1813, and whether the
lessors are barred from a recovery, by having omitted to bring
their suit previous to the 1st January, 1823. 1 R. L. 303,
§ 2 and 4. Three of the lessors were shewn to be within the
saving clause of the statute ; two being *infants,* and one a *feme
covert.*

The *third* section of the act of 1813 provides, " that in all
cases where any person or persons shall have *actually settled* on

any lands granted by the said letters patent, under colour of any *bona fide* purchase by him or them made," and an action for the recovery of such lands shall be instituted, and judgment pass against the tenant, the plaintiff shall not be permitted to sue a writ of possession, until he shall have paid the tenant the value of the improvements made upon the lands, and the mode for ascertaining the amount thereof is pointed out by the statute. The *fourth* section provides, " that in all cases where any of the lands shall be *settled* in manner aforesaid," the party claiming the same must bring his action before the 1st January, 1823, or he will be barred.

*L. W. Ruggles*, for plaintiff.

*T. Spencer*, for defendant.

*By the Court* NELSON, J. The defendant is not entitled to his improvements, under the *second* section of the " act concerning lands in the military tract," passed the 8th April, 1813, 1 R. L. 303, according to the decision in the case of *Jackson* v. *Chapman*, 3 Cowen, 390 ; and the construction there given of that section, making its operation exclusively *retrospective*, necessarily precludes the defendant from the benefit of the *limitation* upon persons claiming title to dead soldier lots, contained in the *fourth* section ; that limitation in express terms operates in favor only of settlers described in the second section ; and by the above decision they must have " actually settled" on the land before the passing of the act, on the 8th April, 1813, to come within its provisions.

The plaintiff must have judgment of the whole lot.