## SUPREME COURT.

COLLINS agt. THE ALBANY AND SCHENECTADY RAIL ROAD COMPANY.

An appeal will not lie in the first instance to the general term upon a case containing questions of *fact alone*. Applications for a new trial must first be made at the special term. (*See Leggett agt. Mott,* 4 *How. Pr. R.* 325; *Lusk agt. Lusk, id.* 418; *Graham agt. Milliman, id.* 435.)

*Albany General Term, May* 1851. HARRIS, WATSON and PARKER, *Justices.* This was an action brought to recover damages for an injury sustained by the plaintiff while a passenger in the defendant's cars. It was tried before Mr. Justice PARKER, at the Albany circuit in March 1850. The jury rendered a verdict in

Collins agt. The Albany and Schenectady Railroad Company.

favor of the plaintiff for $11,000; from the judgment rendered upon this verdict the defendants appeal. The facts in the case sufficiently appear in the opinion of the court.

J. A. SPENCER, *for Plaintiff.*

M. T. REYNOLDS, *for Defendants.*

By the Court, HARRIS, Justice.—This appeal is founded upon the alleged error of the jury in deciding a question of fact properly submitted to them. No error of law is complained of, either in the decisions upon the trial or in the charge to the jury. Indeed, there is not a single exception in the case. The defendants ask for a new trial solely upon the ground that the verdict is against evidence. Can an appeal be maintained in such a case? I think not. The Code provides that an appeal *"upon the law"* may be taken to the general term, but there is no provision authorizing an appeal where the decision is against evidence, or where the damages are excessive. What should be the mode of relief in such cases is, it must be admitted, not very clear. In fact the Code contains no express directions on the subject. The practice in this respect is left, almost entirely, to implication. But the question has recently received the deliberate attention of several judges, and especially of Mr. Justice GRIDLEY, who, in a well considered opinion, has come to the conclusion that an application for a new trial on the ground that the verdict is against evidence, can only be made at a special term (Lusk vs. Lusk, 4 *Howard,* 418. See also Leggett vs. Mott, 4 *Howard,* 325; Graham vs. Milliman, *id.* 435; Hastings vs. McKinley, 3 *Code Rep.* 10; Crist vs. New York Dry Dock Co. *id.* 118). I think it may now be considered as settled that where a party seeks to be relieved from an *error of fact,* as distinguished from an *error of law,* he must, in the first instance, apply at a special term. It was intended to make the general term, strictly an appellate tribunal, and, upon questions of fact there has been no decision, which can be the subject of review, until the motion for a new trial has been made at a special term and decided. The decision upon such a motion, whether a new trial is granted or denied, is the proper subject of an appeal under the 349th section of the

Code (see cases above cited). Without considering the case upon the merits, therefore, I think the appeal should be dismissed. But as this branch of the practice has, until very recently, been wholly unsettled, the dismissal should be without costs, and without prejudice to the right of the defendants to apply for a new trial at a special term.