## SUPREME COURT.

BALL agt. THE SYRACUSE AND UTICA RAIL ROAD COMPANY.

A justice of this court, at special term, has power to hear and decide a motion for a new trial, on the ground that the verdict is against evidence (*Lusk agt. Lusk*, 4 *How.* 418; *Haight agt. Prince, Sandf. S. C. R.* 720).

But the case must be reserved under § 264, or the proceedings be stayed under § 265. If the judgment is suffered to become final under the latter section, the motion can not be entertained.

*Madison Special Term, October* 1851.   This cause comes up on a case made to set aside the verdict of the jury.   The cause was tried in December last at the Madison circuit, and resulted in a verdict for the plaintiff, upon which a judgment was entered. There was no order granted under § 264 of the Code, reserving the case for argument or further consideration and there was no stay under § 265.

BARLOW & SNOW, *for Plaintiff*.

S. T. FAIRCHILD, *for Defendant*.

MASON, Justice.—I have no doubt but Justice GRIDLEY was right in the case of Lusk agt. Lusk and others (4 *How. Pr. R.* 418), in holding that a justice of this court, at special term, had power to hear and decide a motion for a new trial on the ground that the verdict is against evidence; and such was the decision of the Superior Court of the city of New York in the case of Drag vs. Lakey & Pine, (2 *Sanf. S. C. R.* 681,) reaffirmed in Haight vs. Prince (2 *id.* 720).

There is no doubt in my mind, however, that to authorize a justice of this court to set aside the verdict of a jury at special term as against evidence, the case must be reserved under the 264th section of the Code, or else the proceedings must be staid under section 265.   Otherwise the judgment by the latter section becomes final after four days. I do not think that after the judgment has been entered and becomes final, as it does after the four days, that the judgment can be reviewed in any other way than that prescribed by title 11 of the Code, and which is by appeal

to the general term; and such is the decision in the case of Drag vs. Lakey & Pine (2 *Sanf. S. C. R.* 681). The judgment in this case having become final, I must deny the motion for a new trial and leave the defendant to pursue such remedy as he may have, either by appeal from this order to the general term or by appeal from the judgment—the latter of which seems to be a doubtful remedy if the decision of this court in the case of Collins agt. The Albany and Schenectady Rail Road Company (5 *How. Pr. R.* 435), is to be followed. Motion denied with costs.