---

## SUPREME COURT.

### JACKSON agt. FASSIT.

Where a cause is tried at the circuit and exceptions are taken to the charge of the judge, and judgment is entered up, *another judge* sitting at *special term* has *no jurisdiction* to hear a motion for a new trial on such exceptions solely. One judge cannot review, and perhaps reverse, the opinions of one of his brethren having precisely the same authority as himself.

The remedy of the unsuccessful party, after a final judgment at the circuit, is an application for a new trial at the general term, by a regular *appeal* in the mode prescribed.

The judge holding the circuit may, before rendering final judgment, hear further argument, and grant a new trial, if upon more mature reflection it should appear proper; or send the case directly (without final judgment) to the general term.

*New-York Special Term, January,* 1859.
MOTION for a new trial on exceptions.

ROOSEVELT, Justice. This cause was tried at the circuit.

Certain exceptions were taken by the defendant to the charge of the judge, and a motion is now made at special term before a different judge, on the exceptions thus taken, and on no other grounds, for a new trial after judgment has been entered up. The effect of such motions, if entertained, it is obvious, is to present the unseemly spectacle of a single judge reviewing, and, it may be, reversing, the opinions of one of his brethren having precisely the same authority as himself.

It is said the Code, whether seemly or unseemly, warrants the proceeding. Section 265 declares that a motion for a new trial, *on exceptions*, must, in the first instance, be heard and decided at " the circuit or special term," unless *the judge at the trial* directs them to be heard first at general term, and in the meantime suspends the judgment. A fair interpretation of this clause would seem to be, that the judge holding " the circuit or special term " at which the cause was tried, and whose rulings were excepted to, might, *before rendering final judgment*, on his own first impressions, be called upon to hear furth r argument and to grant a new trial, if upon more mature reflection it should appear proper ; or, to send the case directly without final judgment to the general term. Indeed, the 264th section expressly provides that the judge " who tries the cause " may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial on exceptions ; but in that case the motion can only be heard at the same term or circuit. It is the same judge and not another who rehears the objections. And this he does not after, but before judgment. Instead of permitting the clerk to " enter judgment in conformity with the verdict," he directs him to enter "an order that the cause be reserved for argument or further consideration," in other words, that the judgment be suspended for his own review of the exceptions prior to the review by the general term. And this interpretation is in harmony with the language of the title on appeals, which declares, that " the only mode of reviewing *a judgment* or order in a civil action shall be that prescribed by this title." A motion for a new trial, after judgment, on exceptions merely,

is, in effect, an appeal upon the law; and is to all intents and purposes a mere " mode of reviewing that judgment." Is it the mode prescribed by the title referred to? An appeal upon the law, in all cases, says section 348, may be taken *to the general term*, from a *judgment* entered on the direction of a single judge of the same court; and it must be taken, says section 332, within thirty days after written notice of "the judgment." As the mode prescribed, therefore, in such cases is by appeal to the general term, and as that is the only mode prescribed, any other mode of effecting a review is, in effect, prohibited. The unsuccessful party, if he desires it, after judgment at the circuit, must apply for a new trial at the general term; and that he can only do by a regular appeal taken in the mode prescribed. The general term, " upon an appeal from a judgment, may, if necessary, or proper, order a new trial." (§ 330.)

The defendant's motion for a new trial must, consequently, be denied, for want of jurisdiction in the special term to entertain the proceeding; and also, if necessary, it may be added in the order, for want of merits in the exceptions, so that, if the general term, on appeal from this order, should be of opinion that there was jurisdiction, the whole subject, and not the point of practice alone, may be reviewed.

The case cited from *Duer's Reports* only goes the length of holding that, where a judgment is entered as security, a motion for a new trial on exceptions' may be entertained. Such a judgment differs from a final adjudication. It stands by agreement upon the footing of a lien merely—a sort of provisional security—which the party is estopped from setting up as a bar to a motion as distinguished from an appeal. It is not a final adjudication of the judge at circuit upon the whole matter including the exceptions duly entered of record. Were it so, it could only be reviewed by appeal (in the nature of a writ of error) to a higher tribunal, or to a higher branch of the same tribunal.