Robertson, Oh. J.
The motion now made before me is to strike this cause from the calendar of the special term, on which it has been placed, for the purpose of moving for a new trial on a case. A verdict was rendered on the trial for the defendant, a case was duly made and served, in August last, and also notice of a motion for a new trial, and the cause was placed upon the calendar. Amendments were served to such proposed case, and notice of settlement also ; and the same submitted for settlement to the justice before whom the cause was tried, but such case is not yet settled. In October last, judgment was entered in favor of the defendant, and it is now claimed that such judgment bars any motion for a new trial.
The practice and legislation upon this point has fluctuated so much, at long intervals, in this state, that authorities may readily be produced on both sides of the question. The practice in the English courts seems to have been to require all motions for a new trial to be made in four days after verdict and judgment on an order to show cause; which term might be extended. (Birt v. Barlow, 1 Doug. 170.) By one of the rules of the Supreme Court of this state, adopted in 1799, (to be found in Anthon’s Appendix to Tidd’s Practice,) an unsuccessful party was required to move for a new trial on a prepared case, and certificate staying proceedings, before judgment was entered. Under this rule several cases were decided, (Case v. Shepherd, 1 John. Cas. 245; Jackson v. Chace, 15 John. 354; Grant v. Root, 3 Cowen, 354; Roosevelt v. Heirs of Fulton, 2 id. 107; Rapelye v. Prince, 4 Hill, 125; Savage v. Hicks, 7 Wend. 246.) But in four of them, (Case v. Shepherd, Jackson v. Chase, Grant v. Root, and Savage v. Hicks,) the motion was entertained on the ground of surprise. In one (Savage v. Hicks,) proceedings were stayed on the judgment until the decision of the motion, without any excuse; and *641 only in one (Rapelye v. Prince,) was surprise not considered a good ground of excuse for the laches.
In the year 1832, a statute was passed in this state allowing the successful party in an action in the Supreme Court to enter up judgment where his proceedings were not stayed, but authorizing the unsuccessful party to obtain a hearing before the Supreme Court by exceptions, demurrer, case or motion for a new trial upon newly discovered evidence, in the manner therein mentioned, and expressly empowering such court, in case judgment was given in his favor, to set aside the verdict and enforce restitution, either by a writ or attachment. (N. Y. Sess. Laws, 1832, p. 188, ch. 128, § 1.) Under that statute the Supreme Court, in 1837, adopted new rules directing the mode of proceeding in such cases. (Reg. Gen. 1837, 78-81, p. 36. Graham’s Pr. 2d ed. pp. 637-640.) Ho rule similar to that of 1799, or requiring a stay of proceedings, was re-adopted until 1845. (34th Reg. Gen. 1845.) Ho decision was ever made after. the statute of 1832 excluding a motion for a new trial where a judgment had been entered. The 219th section of the Code, as first passed in 1848, required the court, after verdict, to enter the judgment to be given or make an order reserving the case for argument or further consideration, and the next section (§ 220) directed the clerk to enter judgment in conformity with the verdict, in four days after it was given. By an amendment passed in 1849, the judgment entered by the clerk was made final, but the grant of a stay of proceedings was added to the cases previously excepted in section 219. (Code, 1849, § 265.) . And in 1850, in the case of Droz v. Lakey and another, (2 Sandf. 681,) in this court, it was said that a losing party may move to set aside a verdict notwithstanding the entry • of a judgment, where a stay of proceedings has been obtained. That case was cited and approved of in Ball .v. The Syracuse and Utica R. R. Co., (6 How. Pr. 198,) in which the judgment had been allowed to become final without a case reserved or stay given under the 265th section, and it was held that the motion for a new trial could not be made. In the case of Collins v. Al *642 bany and Schenectady R. R. Co.. (5 How. Pr. 435,) an appeal to the general term of the Supreme Court was dismissed, because no motion had been made at special term for a new-trial upon the case, which contained only questions of fact.
In 1851, sections 264 and 265 of the Code were amended, by striking out the clause making the judgment final after four days, expressly allowing a motion to be made to set aside a judgment upon a case or bill of exceptions, upon a motion for a new trial, (§ 264, part 1,) providing for the making of a case or bill of exceptions according to law and the rules of the court, (Id. part 3 ;) and also requiring motions for a new trial to be heard at special term, unless the judge send them to a general term. In 1852, the same sections were further amended, by striking out all provisions for a stay of entry of judgment, requiring the clerk peremptorily to enter judgment unless a different direction was given by the court, (§ 264, subd. 1,) and suspending judgment where exceptions were taken and the judge directed them to be heard first at the general term ; which undoubtedly was the different direction so referred to, (§ 265.) But such amended section still required the motion for a new trial in other cases, to be heard first at special term. The general court rules, (rule 34,) at that time required a case to be made in ten days after the verdict. This, of course, would have been wholly useless if the entry of the judgment barred a motion for new trial, unless in addition such entry was prevented by a special order.
Since 1852 several cases have been decided in this court, holding that the motion can not be made after judgment entered, (Anthony v. Smith, 4 Bosw. 503; Barnes v. Roberts, 5 id. 73; Gurney v. Smithson, 7 id. 400;) but the first two, (Anthony v. Smith and Barnes v. Roberts,) were decided on the authority of Jackson v. Chase, Rapelye v. Prince, and Roosevelt v. Heirs of Fulton, (ubi supra.) In Benedict v. Caffe, (3 Duer, 669,) this court intimated strongly to the contrary. In Maloney v. Dows, (18 How. 27,) the New York common pleas held also to the contrary ; and in Mersereau v. Pearsall, (6 How. 294,) Judge Shankland *643 urged that as under the Code all judgments were peremptory, if a motion for a new trial after the entry of one were too late, the unsuccessful party would be denied the benefit of such motion in all cases. In Tucker v. White, (27 How. 97,) Judge Grover, after fully examining all the cases, comes to the conclusion, that they have established an absolute barrier to a motion for a new trial, by a judgment when entered' absolutely, but that they are contrary to existing legislative provisions, and that they ought to be overruléd by an appellate court. It is conceded that the motion can be made where the judgment is entered as mere security, yet no distinction in such case is made in the Code. (Jackson v. Fassit, 17 How. Pr. 453.) In Jackson v. Fassit, (21 How. Pr. 280,) the Supreme Court of this district, at general term, entertained jurisdiction of a motion for a new trial, first made before them after judgment upon the merits, and surmounted the difficulty, by holding that the making and serving a case and exceptions, and their attachment to the record was equivalent to an appeal. The case of Morange v. Morris, (20 How. 257,) established, that by sections 278, 281 and 348 of the Code, a bill of exceptions being tacked to the record, the motion for a new trial could be heard on an appeal from the judgment. In Soverhill v. Post, (22 How. 393,) where a motion for a new trial was denied at special term, it was held that such order could not be appealed from, where no appeal was taken from the judgment ; but in a preceding case in the same volume, (Pumpelly v. The Village of Owego, 22 How. Pr. 385,) an opposite decision is made.
I feel myself, however, constrained, equally with Judge Grover, according to his views expressed in Tucker v. White, (ubi supra,) to obey the current of authorities, and hold that a motion for a new trial cannot be made after judgment entered absolutely, whatever my own opinion may be of the error pervading such authorities.
But I think the motion may be made by leave of the court, when an excuse is offered for not making it before judgment, and if necessary the court can convert the absolute judgment *644 into one merely for security, which is always done by a separate order. This was allowed in Jackson v. Chase, Case v. Shepherd, Grant v. Root, (ubi supra;) and in the case of Savage v. Hicks, (ubi supra,) before cited, proceedings were stayed on the judgment until the decision of the motion for a new trial, without any excuse. In the case of Jellinghaus v. New York Insurance Company, (5 Bosw. 678,) the party was allowed to annex his case to the record to justify an appeal, and I can see no reason why an accidental slip, under a reasonable misapprehension of the practice, should deprive a party of all remedy.
The motion to dismiss must b.e granted, with $ 10 costs, unless the plaintiff apply within ten days, and obtain an order allowing him to make a motion for a new trial, or declaring the judgment only to be entered as security.