Soverhill agt. Post.

## SUPREME COURT.

ISAAC SOVERHILL, committee, &c. of COONRADE MORRISON, a lunatic agt. CHARLES C. POST.

In an *equity case* to set aside a deed for incompetency to make it, or for the exercise of undue influence in procuring it, where the issues are ordered to be tried by a jury for the purpose of instructing the conscience of the court, there should be allowed *great latitude in adducing all the evidence which can in any reasonable degree of proximity bear upon the questions.*

The circumstances of the family; those of its different members, likely to be affected either way by the conveyance; the kind and degree of influence of any one of them over the grantor, as manifested during a considerable period of the family existence; and the respective feelings of different members of the family towards each other; and those of the grantor towards different ones of the household, (especially in regard to their pecuniary affairs,) and his views and intentions as to what they should receive from him,—become legitimate matters of investigation.

Where a regular *judgment* has been entered by the plaintiff on a verdict in his favor, and judgment roll filed, and the defendant subsequently moves upon affidavits to set aside the judgment and verdict for alleged improprieties of the judge and jury before whom the cause was tried, which motion is *denied,* reserving to the defendant the liberty to move for a new trial on a *case* as though such judgment had not been perfected, and subsequently the defendant moves at special term for a new trial on a *case,* which motion is denied, the defendant cannot *appeal* to the general term from the *order* denying the latter motion—the judgment in the meantime standing as a final judgment and not appealed from. (*This almost comes in collision with the preceding case of Pumpelly agt. Village of Owego, 385, the difference being, that the judgment in this case was entered* BEFORE *the order denying a new trial was made.*—REP.)

*Albany General Term, March,* 1861.

WRIGHT, GOULD and PECKHAM, *Justices.*

THIS action was brought by Isaac Soverhill, as committee of the person and estate of Coonrade Morrison, a lunatic, after direction by this court, by order granted at Albany on the 30th day of June, 1855. It was brought to annul, set aside and avoid a deed executed by said Morrison and wife, to the above named defendant, bearing date on the 20th day of November, 1849, purporting to convey to said defendant a farm of land situate in Greenport, Columbia county, N. Y., containing about 120 acres, and valued at $12,000.

A commission, in the nature of a writ *de lunatico inqui-rendo*, had theretofore been duly executed, upon which the said Morrison had been found and pronounced a lunatic, and the deed in question had been overreached by the finding on said commission.

Notice of the execution of. the commission had been duly and personally served upon the alleged lunatic, and upon the defendant Post, respectively. The latter appeared in person, and by his attorney and counsel, before the commissioners and jury, and litigated the questions there presented, and especially the fact of the said Morrison's being a lunatic at the time of the execution of the deed in question. The finding of the commissioners and jury was in all things duly confirmed by the court, at a special term thereof in Albany, on the third day of January, 1855, upon due notice to the opposing attorney aforesaid.

The summons and complaint in said action were served August 30th, 1855 ; and the answer therein, on the 18th day of September, 1855.

The issues formed by the pleadings in this action were duly settled upon notice by Seymour L. Stebbins, Esq., a referee appointed by the court for that purpose, and were submitted to the jury in the form of interrogatories, for their verdict.

The cause was tried at the Columbia September circuit, 1856, before Hon. MALBONE WATSON, Justice, and a jury, and a verdict rendered in favor of the plaintiff on each and all of the interrogatories submitted to them.

On the 10th of October, 1856, judgment was duly ordered by the court in favor of the plaintiff, as asked for in his complaint.

On the 29th of November, 1856, at 12 M., the judgment roll in this action was filed, and the judgment therein duly entered with the clerk of Columbia county, annulling, setting aside and pronouncing void the said deed.

A motion was then made, at the December special term,

to set aside the said judgment and the verdict upon which it was founded, on account of alleged improprieties of the judge and jury before whom the cause was tried, and of the plaintiff, which was denied by Judge HARRIS, on the 17th of April, 1857. A copy of the order was duly served upon the defendant's attorney on the 27th of the same month. The order is as follows :

" At a special term of the supreme court, held for the state of New York, at the city hall in the city of Albany, on the 31st day of December, A. D. 1856, present, Hon. IRA HARRIS, Justice.

" Isaac Soverhill, committee of the person and estate of Coonrade Morrison, a lunatic, *agt.* Charles C. Post.

" A motion to set aside the verdict rendered in the above entitled action, and the judgment entered thereon, and further relief having been made at a special term of this court held by and before the justice above named, at the city hall in the city of Albany, on the 31st day of December last, and the affidavits and other papers in support of the said motion and in opposition thereto, having been read, and Mitchell Sanford, Esquire, of counsel for the said defendant, having been heard in support of the said motion, and John Gaul, Junior, Esquire, of counsel for the said plaintiff, in opposition thereto, and due deliberation having been thereupon had : It is now, on filing the affidavits and papers aforesaid, ordered that the motion to set aside the verdict rendered by the jury in the above entitled action, in favor of the above named plaintiff, and against the above named defendant, on the tenth day of October, 1856, and which was on that day duly filed and entered with the clerk of the county of Columbia, be denied in all respects, with liberty to the said defendant, if he shall move for a new trial upon a case, to serve upon the attorneys for the said plaintiff with the said case, and at the time of such service of the said case upon the said attorneys, affidavits showing misconduct on the part of the plaintiff or jurors

Soverhill agt. Post.

upon the trial, and to use such affidavits, if served as aforesaid, upon the hearing.

"It is further ordered, that the motion to set aside the judgment rendered upon the said verdict, and entered in said action, and docketed in the office of the clerk of the said county of Columbia, on the 29th day of November, 1856, be also in all respects denied, but without prejudice to the right of the defendant to move for a new trial on a case as though such judgment had not been perfected.

"It is further ordered, that the extra allowance of costs in said action be stricken out, and the entry of judgment be amended accordingly. In all respects the said motion to be denied, neither party to have costs of motion.

"Entered in Columbia county clerk's office, April 17th, 1857. (A copy.) D. C. NEEFUS, *Clerk.*"

On the 8th day of January, 1857, the defendant served upon the plaintiff's attorneys a case in this action.

The defendant, on the 21st of January, 1860, made a motion to this court for a new trial on *a case*, which motion was denied.

From this order the defendant, on the 24th of January, 1860, appealed to the general term of this court.

On the 6th day of December, 1856, written notice of the judgment in this cause was duly and personally served on James Storm, Esq., the defendant's attorney.

From this judgment no appeal has ever been taken.

GAUL & ESSELSTYN, *for plaintiff.*

We claim as preliminary points :

I. That no appeal having been taken from the judgment in this action, and more than thirty days having elapsed since the service of notice of judgment therein, the defendant is remediless, and must submit to the judgment. He can take nothing by his appeal from the order denying a new trial, as the judgment, not being appealed from, will,

in any event, remain in full force and unreversed. (§ 332, *N. Y. Code.*)

It is not in the power of the court to extend that period, or to allow an appeal when the time has been suffered to expire.

By section 405, the court may enlarge the time within which any proceeding in an action must be had, except the time within which an appeal must be taken. (*See, also, Renouil* agt. *Harris,* 2 *Code Rep.,* 71; *Enos* agt. *Thomas,* 1 *Code Rep., N. S.* 67; 5 *How. Pr. R.,* 361; *Lindsey* agt. *Almey, id.,* 139; *Rowell* agt. *McCormick, id.,* 73; 5 *How. Pr. R.,* 337; *Traver* agt. *Silvernail,* 2 *Code Rep.,* 96; *The People* agt. *Eldridge,* 7 *How. Pr. R.,* 108; *Sherman* agt. *Wells,* 14 *How.,* 522.)

It is improper for the court to attempt to effect the same thing indirectly. (*Humphrey* agt. *Chamberlain,* 1 *Kern.,* 274.)

A court will not set aside a judgment for the mere purpose of relieving a party from the loss of the remedy by appeal, although from no fault or neglect on his part. (*Marston* agt. *Johnson,* 13 *How. Pr. R.,* 93.) See also, *Fry* agt. *Bennett,* (16 *How.,* 385,) in which this question is fully discussed.

JAMES STORM and THEODORE MILLER, *for defendant.*

I. The judgment was perfected only conditionally under the order of the court, of October 10th, 1856, which provided " that all proceedings on the part of plaintiff in this action be stayed until the decision of the court upon the case hereafter made."

It was clearly the intention of the court, when this order was made, that no *final judgment* should be docketed, but that a case should be made and decided as if no judgment had been docketed.

The judgment was merely to stand as security.

The appeal, under § 348, relates to a *final judgment*.

The court, in making the order, intended to keep control of the judgment, so that the rights of the defendant would not be affected or injured in seeking to obtain a new trial.

II. The order made at special term, December, 31, 1856, makes distinct provisions in regard to the verdict and judgment, which expressly control the judgment and protect the defendant's rights. It provides :

1st. That the defendant have liberty, if he shall move for a new trial upon a case, to serve upon the attorneys for the plaintiff, with the case, affidavits showing misconduct on the part of the jury, &c.

2d. That the motion be denied, but *without prejudice* to the right of the defendant to move for a new trial on a case as though such judgment had not been perfected.

3d. That the extra allowance of costs be stricken out, and the entry of the judgment be amended accordingly.

The order showed that the court intended that the judgment should stand merely as security, and to keep the control over it.

The motion was not decided until a long time after it was made, and the order was entered in Columbia county clerk's office April 17, 1857.

·The authority to defendant to move for a new trial *without prejudice*, as though judgment had not been perfected, is conclusive.

By the court, GOULD, Justice. The issues in this case—(it being an equity case, to set aside a deed as obtained, 1st, from a person not competent to make a deed ; and 2d, by undue influence)—were ordered to be tried by a jury, for the purpose of instructing the conscience of the court as to the making of such a decree as should be agreeable to equity. In such an inquiry, on such issues, there is usually allowed great latitude in adducing all the evidence which

can, in any reasonable degree of proximity, bear upon the questions. And the circumstances of the family; those of its different members, likely to be affected either way by the conveyance; the kind and degree of influence of any one of them over the grantor, as manifested during a considerable period of the family existence; and the respective feelings of different members of the family towards each other, and those of the grantor towards different ones of the household, (especially in regard to their pecuniary affairs,) and his views and intentions as to what they should receive from him, become perfectly legitimate matters of investigation. The weight of each particular fact—how far it should determine the verdict of the jury, and the decision of the court—is an entirely different matter, and one to be left to the court and the jury respectively.

In examining (from the point of view above indicated) the voluminous testimony in the case, and the very numerous exceptions to the admission and exclusion of evidence, carefully and in detail, there seems to be in the rulings of the judge at the circuit, no error that should require a new trial. The most questionable rulings, as suggested at the argument, seemed to be the one admitting the conversation with Mrs. Morrison as to her agency in the execution of the deed, and her husband's condition at that time, and that excluding testimony as to Mr. Morrison's condition in 1854. Of the latter it is to be remarked, that it was merely enforcing against the defendant the very limit as to time which had been previously adopted, on his own request, in excluding testimony offered by the plaintiff. And the former was a conversation in the presence of Coonrade Morrison, "the fall after the assignment," (which must, in the case, mean about or less than a year after the execution of the deed,) and so admissible to show his condition at that time, by the fact that such a conversation, on such a subject, was not enough to draw forth any token of his understanding it or even hearing it.

It would seem that the question of the competency of Coonrade Morrison to execute this deed has been sufficiently tried ; and there is so much evidence to justify the finding of the jury and the decree of the court, that it would hardly be the exercise of a sound legal discretion to award a new trial.

On the preliminary question—that there is no *appeal from the judgment*, and that so the appeal from the *order* denying a new trial is nugatory, as the judgment remains a *final* judgment beyond the reach of an appeal—there would seem to be no escape from the position of the plaintiff. The reservation in the special term order denying a new trial, when applied for on the ground of misconduct on the part of judge, jurors and party, is but reserving to the party the privilege of being heard at special term upon a motion for a new trial on *a case*, without prejudice on account of having *moved* on *affidavits*, and is but equivalent to an order that the party have leave to make a case and attach it to the roll, and then move for a new trial. Further, unless the order showed (what it does not) that the motion was denied *on condition* that the judgment, then already regularly entered, should stand but as *security*, shorn of its attributes as a final judgment, it may well be doubted whether the special term had the power to alter or modify the plaintiff's rights in and by his judgment, or to vary the law as to an appeal therefrom.