# COURT OF APPEALS.

CAROLINE E. MACKAY agt. BENJAMIN A. LEWIS and others.

*Appeal from order denying motion for new trial made upon judge's minutes —
proper mode of review — Case — Exceptions.*

Where, after verdict of a jury, a motion is made for a new trial upon the
judge's minutes and denied, the party desiring to reverse such decision,
should have exceptions settled which would only present the legal ques-
tions made by exceptions to the rulings and decisions of the judge, with
so much only of the evidence as might be necessary to present the
exceptions.

Where the general term of the supreme court had before it for review,
upon a case containing, with the evidence and the trial at length, a
statement that a motion for a new trial had been made upon the judge's
minutes and refused, and the order refusing the new trial:

*Held,* that they could reverse as well for insufficiency of evidence, or other
cause appearing upon the case, as upon exceptions; and the order of
that court granting a new trial is not reviewable upon appeal to this
court.

Where the record brought into this court presents a case in which the
court below *may* have granted a new trial upon questions of fact, or, in
other words, when it does not appear by the record that the new trial
*must* have been granted on questions of law, this court cannot review
the decision.

*February,* 1878.

ALLEN, *J.* — The defendant, upon the rendering of the
verdict, moved for a new trial upon the minutes of the judge.
The motion was denied, and exceptions taken thereto, and
time allowed the defendants to make a case, and this proceed-
ing makes a part of the case incorporated in the record upon
which a new trial was granted by the court at general term,

and now brought into this court. This practice was permitted by the Code, and as the grounds of the motion, as made at circuit do not appear, it may have been upon exceptions — for insufficient evidence or for excessive damages (*Code. sec.* 264). The party desiring to reverse the decision could have had a case or exceptions settled as should be proper to present the questions made upon the motion. The defendant made and procured to be settled a case, giving all the evidence and a complete history of the trial instead of exceptions which would only have presented the legal questions made by exceptions to the rulings and decisions of the judge, with so much only of the evidence as might have been necessary to present the exceptions taken. Upon the appeal from the judgment the court was called upon to review any intermediate order involving the merits and necessarily affecting the judgment (*Code, sec.* 329). An order refusing a new trial is within the class of orders that may be reviewed upon an appeal from the judgment. It directly involves the merits and affects the judgment (*Pumpelley* agt. *Village of Oswego,* 13 *Abb. Pr.,* 387; *affirmed in* 26 *How. Pr.,* 62, *and Lane* agt. *Bailey,* 45 *Barb.,* 119). The general term of the supreme court had before it for review upon a case containing with the evidence, and the trial at length, a statement that a motion for a new trial had been made upon the minutes and refused, the order refusing the new trial. They could reverse as well for insufficiency of evidence or other cause appearing upon the case as upon exceptions, and it follows, within the reported decisions of this court, that the order of that court granting a new trial is not reviewable upon appeal to this court. The defendant did not, as he might have done, limit his right of review upon the appeal to the exceptions taken, and as he would have done if he had only had exceptions settled; but, by making a case, as he had a right to do, brought the whole case, and every question upon which he could claim a new trial, before the general term. It is enough that the new trial in this action may have been granted for causes

Mackay agt. Lewis.

in respect of which this court cannot review the action of the supreme court.

But if we look to the opinion of the court, which is not permissible for the purpose of taking to ourselves jurisdiction, as that must appear by the record, but as showing that the supreme court had the same view of the effect of the appeal from the judgment as we have taken, we see that in fact the chief reasons for granting the new trial are that the verdict was not warranted by the evidence.

The provision of the Code permitting appeals from orders granting new trials has proved rather a snare and a trap to suitors than remedial in its character, as it is apparent from the long list of appeals dismissed at the cost of the appellants to save them from the more serious consequences of an affirmance of an order not reviewable here, brought unadvisedly and without sufficiently considering the nature of the questions presented by the record, and the limited jurisdiction of this court.

The appeal must be dismissed.*

* See, also, the case of *Samuels* agt. *The Evening Mail Association*, 17 *Albany Law Journal*, 115.