## SUPREME COURT.

HARMON PUMPELLY and others agt. THE VILLAGE OF OWEGO.

An *appeal* lies to the general term from an *order* made at special term denying a motion for a *new trial,* where judgment is entered *before* the appeal is taken, but *after* the order is made.

*Broome General Term, January,* 1862.

*Present,* BALCOM, CAMPBELL, PARKER and MASON, *Justices.*

MOTION by defendant to dismiss an appeal from an order made at a special term denying plaintiffs' motion for a new trial on a case. After the order was made denying a new trial, the defendant entered a judgment on the verdict for costs against the plaintiffs. The defendant's counsel claimed that the plaintiffs should have appealed from the judgment, and could not appeal from the order refusing a new trial after the entry of the judgment.

GEORGE S. CAMP, *for plaintiffs.*

N. W. DAVIS, *for defendants.*

BY THE COURT. An appeal lies to the general term from an order made at a special term, " when it grants or refuses a new trial." (*Code,* § 349, *sub.* 2.) The order in this case refusing a new trial, was regularly made before the judgment was entered; and we think an appeal lies from the order to the general term, notwithstanding the entry of the judgment before the same was taken. (*See* 19 *How. Pr. R.,* 515.) The case of *Jackson* agt. *Fassett,* (33 *Barb.,* 645,) and others like it, only show that a motion for a new trial on a case cannot be made at a special term after judgment has been entered unconditionally in the action. Those decisions are not in point upon this motion.

The motion to dismiss the appeal is therefore denied, with $10 costs to abide the event of the action.