## SUPREME COURT.

ROBERT LANE and another agt. FLOYD BAILEY and another.

An *appeal* from an order *denying a motion for a new trial* made on the judge's minutes, may be taken to the general term *after judgment* has been entered in the action. (*This agrees with Pumpelly* agt. *The Village of Owego, 22 How. Pr. R.* 385; *and is adverse to Soverhill* agt. *Post, Id.* 386.)

Should the verdict be set aside, the special term can, on motion, vacate the judgment, as it will then have no foundation.

*New York General Term, November,* 1865.

*Before* INGRAHAM, *P. J.,* LEONARD *and* BARNARD, *Justices.*

THIS was a motion to dismiss an appeal from an order entered upon the judge's minutes at the circuit, denying a motion for a new trial. Judgment was entered for the

plaintiffs, and the defendants failed to appeal from the judg-ment, but appealed from the order entered upon the judge's minutes, making and serving a case in the usual form, to bring up for review the sufficiency of the evidence to sus-tain the judgment. This was a re-argument ordered on motion of the appellants.

TIMOTHY CRONIN, *for appellants.*
S. T. FREEMAN, *for respondents.*

By the court, LEONARD, J. The second subdivision of section 349, gives the right of appeal from an order deny-ing a motion for a new trial. No qualification is imposed limiting the right to cases where the judgment has not been entered. This subject was considered at general term in the sixth district (*Pumpelly* agt. *The Village of Owego*, 22 *How. Pr. R.* 385). The right to appeal was there upheld in a similar case to the present. On the next page of the same volume occurs the case of *Soverhill* agt. *Post*, decided in the third district, where a contrary rule was held, but as it seems to me on very insufficient reasons. The court consider the appeal in the latter case as nugatory, because the judgment will not be affected by the decision on the appeal, even should the verdict be set aside.

With great respect, I differ. Should the verdict be set aside, the special term, can, on motion, vacate the judg-ment, as it will then have no foundation. Where an appeal is taken from a judgment, and there has been an appeal also from a denial of motion for a new trial on the judge's minutes, we think it the better course to hear both appeals argued on the appeal from the judgment. By section 329 of the Code, all intermediate orders may be reviewed on the appeal from the judgment, and the facts as well as the law, may under such circumstances be reviewed.

The motion to dismiss the appeal should be denied, but without costs.