WILLIAM M. TRACEY and JAMES WELSH, Respondents, v. ABRAHAM ALTMYER, impleaded, etc., Appellant.

An order denying a motion for a new trial on the ground of newly discovered evidence, cannot be reviewed upon the merits in this court. But where it appears that the merits of the application were not considered by the court below, from an erroneous supposition of want of power, and that the order was based upon that ground, it is appealable, and will be reversed in this court. It is incumbent upon the appellant, however, to show this affirmatively.

A motion can be made at Special Term for a new trial upon the ground, that the verdict is against the weight of evidence, or of surprise, of newly discovered evidence, of misconduct of the jury, or other ground after the entry of judgment on the verdict.

(Argued November 28th, 1871 ; decided December 5th, 1871.)

APPEAL from judgment of the General Term of the Supreme Court of the first judicial department, affirming a

judgment in favor of plaintiff entered upon a verdict; also appeal from order affirming an order of Special Term denying a motion for a new trial, on the ground of surprise and newly discovered evidence.

The action was brought to recover for goods alleged to have been sold to defendants as partners.

The facts pertinent to the question raised on appeal from judgment, are sufficiently stated in opinion.

Subsequent to the entry of judgment on the verdict, a motion was made for a new trial on the ground of surprise and newly discovered evidence. The motion was denied with leave to renew. The renewed motion was also denied. In the opinion of the justice, before whom it was made, he states : " I think the motion too late after judgment; for that reason I deny the motion."

*S. Hand,* for appellant. The order denying a new trial is appealable. (*Bright* v. *Tyson,* 1 Burrow, 394 ; 3 Blk. Com., 388 ; G. & W. on New Trial, 1086.) The appeal being a matter of right, will be entertained. (*Matter of Duff.,* 41 How., 351 ; *People* v. *Sup. Court of N. Y.,* 10 Wend., 286, 398 ; *Tucker* v. *White,* 27 How., 97.) Reasonable time should be afforded for the exercise of this right. (*Burt* v. *Barlow,* 1 Doug., 170 ; *Nanevan* v. *Pearsall,* 6 How., 293 ; 3 Blk. Com., 386.) The rule against the motion, after judgment, frequently relaxed. (*Case* v. *Shepard,* 1 John. C., 245 ; *Grant* v. *Rowb.,* 3 Cow., 354.) The motion can now be made after judgment. (Laws of 1832, chap., 128 ; *Blydenburgh* v. *Johnson,* 9 Abb., N. S., 459 ; *Benedict* v. *Coffree,* 3 Duer, 669 ; *Nanevan* v. *Pearsall,* 6 How., 294 ; *Malony* v. *Dows,* 18 How., 27 ; *Morgan* v. *Bruce,* 1 Code R., U. S., 364 ; *Tucker* v. *White,* 27 How., 97.)

*D. C. Calvin,* for respondents. The order is discretionary and not appealable to this court. (*Selden* v. *D. and H. C. Co.,* 29 N. Y., 634 ; *Bedell* v. *Chase,* 34 N. Y., 386 ; *Lawrence* v. *Ely,* 38 N. Y., 42.) The motion was too late after judgment. (*Rapelye* v. *Prince,* 4 Hill, 119 ; *Gerney* v.

*Smithson,* 7 Bosw., 396; *Sheldon* v. *Stryker,* 27 How., 387; *Peck* v. *Hyler,* 30 Barb., 655; *Potter* v. *Potter,* at fifth district Gen. Term, not reported; *Jackson* v. *Fassett,* 7 Abb., 137; *Nash* v. *Wetmore,* 33 Barb., 155.) Defendant permitted case to be submitted without objection. He was too late after verdict to allege surprise. (*Thompson* v. *Porter,* 8 Bibb, 70; *Kirtly* v. *Kirtly,* 1 J. J. Marsh, 96; *Carr* v. *Gale,* 1 Curtis Ct. R., 384; *Kellogg* v. *Ballard,* 10 Wis., 440; Graham & Waterman on New Trials, 191; *McClure* v. *King,* 15 La. An., 220; *People* v. *Mack,* 2 Park Cr. R., 673; *Peck* v. *Hiller,* 30 Barb., 655.) The evidence was not newly discovered, but not recollected, and therefore, no ground of new trial. (*Gregg* v. *Bankhard,* 22 Texas, 245; *Johnson* v. *Blanchard,* 5 R. I., 24; *Bond* v. *Cutter,* 7 Mass., R., 205; 1 Graham & Waterman on New Trials, 477; *Daignan* v. *Wyatt,* 3 Blackf., 385.) The evidence sought was cumulative, and no ground for new trial. (1 G. & W. on New Trial, 486; *Gavock* v. *Brown,* 4 Humph., 251; *Kirby* v. *Waterford,* 14 Verm., 414; *Campbell* v. *Gennet,* 2 Hill, 290; *Fleming* v. *Hallenbeck,* 7 Barb., 271; *People* v. *Superior Court, etc.,* 5 Wend., 127; 10 id., 285; *Powell* v. *Jones,* 42 Barb., 24; *Parshall* v. *Klinck,* 43 Barb., 203; *Peck* v. *Hiler,* 30 Barb., 655; *Adams* v. *Bush,* 23 How., 262.)

Grover, J. The only exception taken upon the trial, which was insisted upon by the counsel for the appellant upon the argument, was that taken to the refusal of the judge to grant a nonsuit. No ground for the motion was stated by the counsel, and it is well settled that such an exception cannot be sustained, for any defect in the plaintiffs' proof, which might have been supplied had such defect been pointed out at the trial. That is a sufficient answer to the exception. A further answer in the present case is, that there was no such defect. That urged upon the argument was that the evidence showing that the appellant was a partner with his co-defendants, was not sufficient to warrant the submission of that question to the jury. Wm. C. Williams, the salesman of the

plaintiffs, who were jobbers in dry goods in the city of New York, testified that one of the co-defendants came to the plaintiffs' store and purchased a bill of goods upon credit, and directed the goods to be forwarded by express to S. & A. R. Altmayer, at Newark, New Jersey. There was no dispute as to the two co-defendants being members of the firm ; that he had been referred to the appellant by one of the co-defendants as to the trustworthiness of the firm ; that he was directed by Mr. Wilson, one of the plaintiffs, to make inquiry as to that matter ; that for that purpose he called upon the appellant and made the inquiry of him ; that the appellant said that they were good for all that I could sell them ; that he was interested with them ; that he was responsible for what they bought ; that he reported this conversation to Wilson, one of the plaintiffs. The latter testified that upon receiving this report, and in reliance thereon, he forwarded the goods to the firm as directed ; that upon like reliance he subsequently sold to the firm the goods, for the price of which the action was brought.

This was sufficient to require the submission of the question, whether the appellant was a partner, to the jury ; and if they found he was liable as such, not only for the goods then sold, but also for such as the plaintiffs subsequently sold, until they received notice that he was not a partner. The appeal from the order presents questions of greater difficulty. This order cannot be reviewed upon the merits by this court. (*Selden, Exrx.*, v. *Delaware and Hudson Canal Co.*, 29 N. Y., 634; *Bedell* v. *Chase*, 34 id., 386 ; *Lawrence* v. *Ely*, 38 id., 42.)

It may be so reviewed by the General Term. (Code, § 349.) The order denied a motion of the defendant for a new trial, upon the ground of surprise and newly discovered evidence. From the opposing affidavits it appeared that judgment had been entered. From the opinion of the judge at Special Term, it appears that the motion was denied solely upon the ground, that it could not be made after the entry of judgment.

This may, by this court, be taken as sufficient evidence that the merits of the application were not considered by the Special Term, but that it was not entertained from want of power in the court caused by the entry of judgment, although this court cannot review the order upon the merits; yet when the court has refused to consider the merits, from an erroneous supposition that it had no power so to do, and based the order upon that ground, it is appealable to, and will be reversed by this court. (*Russell* v. *Conn.*, 20 N. Y., 81.)

The question is, therefore, presented, whether a motion can be made at Special Term for a new trial upon the ground, that the verdict is against the weight of evidence, or surprise, or newly discovered evidence, or the misconduct of the jury, or other ground after the entry of judgment upon the verdict. There is obviously no distinction between this class of cases. If it can be so made in one it can in all; under the former system of practice it was settled, that all such motions could be made only before judgment. (*Rapelye* v. *Prince*, 4 Hill, 119.) A careful examination of the opinion of BRONSON, judge, in this case will show, I think, that he placed rather a technical construction upon section 1 of the act relating to the Supreme and Circuit Courts, Laws of 1832, 188, but that statute had nothing to do with the question before him, as the motion before him was made to the court in banc in the first instance, and the act in question required the motions thereby authorized to be made before the judge of the circuit, and provided for a review of the orders made by him upon appeal to the Supreme Court. Be this as it may, the decision was clearly correct according to the then existing practice. This practice originated probably in the rules of the Supreme Court adopted in 1799, and was convenient, and rarely could work injustice under that practice, as judgment could not be entered until the "*quarto die post*" of the next term of the court after the rendition of the verdict. This in most, and probably in all cases, gave the party desirous of making the motion sufficient time to ascertain the facts, preface his papers, and make the same before judgment could be entered;

or, if he could not do all this, to at least procure an order to stay the entry of judgment. After the adoption of the Code the question frequently arose, and the decisions have been conflicting in the courts of original jurisdiction, although the decided weight of this authority is against the power to entertain the motion after judgment. (*Morgan* v. *Bruce*, 1 Code Reports, U. S., 36; *Tucker* v. *White*, 27 Howard's Practice, 97; *Stilwell* v. *Staples*, 6 Robertson, 639; *Blyden-burg* v. *Johnson*, 9 Abbott's Practice, U. S., 459.) The question comes before this court for the first time in the present case. It can now be settled in accordance with law. Under the former practice, some small inconvenience might have existed when the verdict was rendered, immediately preceding term, but even in such cases the party had four full days after its rendition, in which to protect his rights. In 1832, the legislature, with a view to relieve the court from the pressure of business, passed the act above referred to, providing for the hearing of a certain class of cases by the judge of the circuit, and foreseeing that by so doing a party might be deprived of his right to make a motion at all, unless permitted so to do after judgment, provided by the first section of the act, that when in any personal action, any bill of exceptions shall be taken, demurrer to evidence put in, or notice of motion given for a new trial on newly discovered evidence, and the proceedings shall not be stayed, the party in whose favor the verdict is rendered may perfect his judgment and issue execution, but it shall nevertheless be lawful for either party to proceed to obtain a hearing before the Supreme Court upon the matters in question, in the manner thereafter mentioned. This in effect abolished the existing rule of practice, denying the right to make the motion after judgment, and the right is given by this statute. The court before which it is to be made, has been changed by substituting the Special Term in place of the circuit judge, but the right to make the motion has not been impaired by any statute since passed, and still exists. The right to move for a new trial upon a case at Special Term is expressly given by

the Code. But the party obtaining the verdict has the right immediately to enter judgment thereon, unless his proceedings are stayed. Thus, if the motion cannot be made after judgment, the absolute legal right to make it, is converted into a right resting in the discretion of the court, whether or not to grant a stay of proceedings upon the verdict. This is a very different thing from the positive right given by law, and the former should not be substituted for the latter, unless pursuant to the manifest intention of a statute. But there is no such statute. It follows that the Special Term erred in refusing to entertain the motion and pass upon the merits, upon the ground that judgment had been entered. For this error the party is entitled to a reversal of the order, unless cured by the proceedings thereon at General Term. The order at Special Term is the usual one denying the motion. From that it does not appear whether it was made upon the merits or some other ground. It is from the opinion only, that it appears to have been denied, solely upon the ground that judgment had been entered. The General Term had the power to review this order upon the merits, and upon any and every ground connected therewith. In that court no opinion was given; all that appears is from the order made. That is simply an affirmance, not of the opinion of the Special Term, but of the order made. This is entirely consistent with the idea that the General Term considered the merits and determined the same, and based the order of affirmance thereon. It was its duty so to do; and the presumption is, that this duty was performed, until the contrary appears. It is incumbent upon a party seeking the reversal of a judgment or order, to show affirmatively that an error was committed to his prejudice. It is not sufficient to show that it may have been committed. The latter will not overcome the presumption, that all things have been transacted correctly, until the contrary appears.

The counsel for the appellant seeks to obviate the difficulty, by showing that Mr. Justice Ingraham, who sat as a member of the General Term upon the hearing of the appeal, enter-

tained the same opinion as the judge who heard the motion at Special Term. For this purpose, the papers used upon a like motion previously made before him in the present case at Special Term, and the order made by him thereon, have been inserted in the case. He gave no opinion. The order proceeds in the usual form, reciting the object of the motion and the papers used, the hearing of counsel, and proceeds: And it appearing that judgment was entered in the action on the 30th day of January, 1868; and concludes: It is ordered that the motion be, and the same is denied, with leave to renew the same on additional papers, on payment of ten dollars costs. This, so far from showing that Justice INGRAHAM was of opinion, that the motion could not be made after the entry of judgment, shows, I think, the contrary. Otherwise, leave to renew would not have been given, after it appeared that judgment had been entered. The renewal would have been entirely useless. Besides, I do not think it would aid the appellant if it appeared that Mr. Justice INGRAHAM, previous to the hearing of the appeal at General Term, entertained the opinion imputed to him by the counsel. The presumption would rather be, that he became convinced of his error upon the hearing, and united with his brethren in a decision in accordance with law. For the reason that it does not appear that the General Term reviewed the order and passed upon the merits, the order appealed from must be affirmed; and, no error having been committed upon the trial, the judgment must also be affirmed.

All concur.

Judgment and order affirmed.