MICHAEL J. DERLETH, Respondent, *v.* HENRY D. DE GRAFF et al., Appellants.

An appeal may not be taken to this court from an order of General Term affirming a judgment; so, also, where there is both an appeal to the General Term from a judgment and from an order denying a motion for a new trial, and the judgment and order are affirmed, an appeal is not authorized from so much of the order of affirmance as affirms the order denying a new trial. Such an appeal brings no question before this court not involved in an appeal from a judgment entered on the General Term order. Judgment should first be entered on such order and an appeal taken from that.

(Submitted December 7, 1886; decided January 25, 1887.)

THE following is the *mem.* of opinion herein :

" At a prior term of this court a motion was made to dismiss the appeal in this case upon the ground that it was unauthorized, and that motion was granted. This is a motion for a reargument of the prior motion. We have carefully reconsidered the matter, and are of opinion that no error was committed.

" The action was tried before a jury and a verdict rendered in favor of the plaintiff. After the verdict the defendants made a motion before the trial judge upon his minutes for a new trial, and an order was entered denying that motion. Judgment was then entered in favor of the plaintiff. Thereafter a case containing exceptions was settled and the defendants appealed to the General Term from the judgment and also from the order denying a new trial, and the General Term affirmed both the judgment and the order. Then, before the entry of any judgment of affirmance, the defendants' attorney served a notice of appeal to this court from the judgment entered at the trial term, and also from the order of the General Term affirming the judgment and the order denying the defendants' motion for a new trial.

" The case of *Kilmer* v. *Bradley* (80 N. Y. 630), is a precise authority for holding that the appeal to this court from the order affirming the judgment was unauthorized. Such an order is simply an authority for the entry of the judgment of affirmance. That judgment should first be entered and an appeal brought from that.

" But it is claimed that the defendants had a right to appeal to this court from the order of the General Term so far as it affirmed the order of the trial judge denying the motion for a new trial. We think otherwise. The appeal from that portion of the order could bring no question to this court which was not involved in the affirmance of the judgment. Upon such an appeal, if we could entertain it, we could review only questions of law raised upon the trial, and those questions would be involved upon an appeal from the judgment to be entered upon the order of affirmance. Under such circumstances an appeal from the order affirming the order which denied a new trial would be entirely nugatory. If that order

should be affirmed the defendants would still have the right, after entry of judgment of affirmance, to appeal from that and try the experiment upon that appeal of procuring a new trial by reversal of the judgment.

" If the appeal from the order affirming the order which denied the motion for a new trial should be successful, the judgment would still stand affirmed — unappealed from, and thus nothing would be gained by the defendants if successful upon the appeal, which they claim the right to make without the further interference of the court.   To uphold such an appeal is trifling with the forms of law.   Orderly practice requires that a judgment of affirmance should be entered and that the appeal should be taken from that.   Hence this is not such an appeal from an order which grants or refuses a new trial as is contemplated by section 190 of the Code, and the motion should be denied with $10 costs."

*James R. Marvin* for motion.

*Nelson Smith* opposed.

*Per Curiam mem.* for denial of motion.
All concur.
Motion denied.