## STEPHEN VOISIN, Plaintiff, v. THE COMMERCIAL MUTUAL INSURANCE COMPANY, Defendant.

*Appeal from an order denying a motion for a new trial, may be taken after the time to appeal from the judgment has expired — what notice of entry of order necessary to limit the time to appeal.*

After the entry of a judgment upon the verdict of a jury, and service of a notice of the entry thereof upon the attorney for the defendant, and after the expiration of the time prescribed for an appeal from the judgment, a notice of appeal was served from an order denying a motion for a new trial which had been made at the trial upon the minutes of the court.

Upon an application to dismiss the appeal, upon the ground that after judgment was entered, and the time to appeal therefrom had expired, an appeal could not be taken from the order denying the motion for a new trial:

*Held*, that, under section 1347 of the Code of Civil Procedure, in the Supreme Court the right exists in the defeated party to bring to a hearing on appeal, and dispose of, the motion for a new trial, although final judgment may have been entered, the time to appeal therefrom may have expired, and the judgment itself may have been enforced.

*Semble*, that the practice is otherwise in the Court of Appeals.

*Derleth* v. *De Graff* (104 N. Y., 661); *Ross* v. *Third Avenue Railroad Company* (109 id., 645) distinguished.

Motion to dismiss an appeal from an order entered in the office of the clerk of the county of New York, denying a motion for a new trial, made upon the minutes of the judge before whom the action was tried.

*Frederick R. Coudert* and *William Mitchell*, for the plaintiff.

*Treadwell Cleveland*, for the defendant.

DANIELS, J.:

The motion for a new trial was made after the recovery of the verdict, and denied by the court.

Judgment was afterwards entered upon the verdict, and a notice of the entry served upon the attorney for the defendant, and after the time prescribed for an appeal from the judgment had expired, in case the notice was sufficient for this purpose, the notice of appeal was served from the order denying the motion for a new trial. And in support of the application to dismiss the appeal, the objection has been taken that, after the judgment was entered, and the time had expired for appealing from it, an appeal could not be taken from the order itself denying the motion for a new trial; and the case of *Derleth* v. *DeGraff* (104 N. Y., 661) has been presented as an authority supporting this objection. In that case the appeal was taken from an order of the General Term affirming an order denying a motion for a new trial. At the time of the decision an appeal which had been taken from the judgment was also decided, resulting in an affirmance of the judgment, and a motion was made in the Court of Appeals to dismiss the appeal from the order for the reason that no appeal had been made from the judgment. And the court, considering this motion to be well founded, dismissed the appeal from the order of the General Term affirming the order denying a new trial. And this conclusion was deemed to be warranted by the fact that, upon an appeal from the order to the Court of Appeals, that court, by its reversal of the order, would leave the judgment itself undisturbed, and consequently would not dispose of the litigation. This decision seems to have been likewise followed in the dismissal of a similar appeal in the case of *Ross* v. *Third Avenue Railroad Company* (109 N. Y., 645).

But these cases relate alone to the practice in the Court of Appeals, which is unaffected by legislative enactments relating to the Supreme Court. In this court a different practice has been prescribed. Prior to its adoption a motion for a new trial upon a case could not be made after a final judgment had been entered. But this was changed by chapter 128 of the Laws of 1832, which provided that in any personal action where a bill of exceptions should be taken, or demurrer to evidence put in, or a case should be made, or notice of motion given for a new trial on newly-discovered evidence,

and the proceedings should not be stayed, the party in whose favor the verdict was rendered might perfect his judgment and issue execution. But it was further declared that it should, nevertheless, be lawful for the other party to proceed to obtain a hearing before the Supreme Court upon the matters in question in the manner thereinafter mentioned; and in case the judgment should be in his favor they might set aside the proceedings, with the verdict, and order restitution, which might be enforced by such writs of restitution as were used in cases of reversal in error, or by motion and attachment, etc. It was then declared that the cases mentioned in this, the first, section of the act, should, in the' first instance, be heard and decided by the circuit judge of the circuit in which the cause was tried, or such other circuit judge as should hold the courts mentioned in its fifth section. And that provided for a session of the court once in every three months for hearing arguments upon bills of exceptions, cases, etc., mentioned in the first section. It was further provided, also, by section 4 of the same act, that in these cases either party might bring the cause to a hearing thereon before the Supreme Court by appeal after the circuit judge should have decided the same. This act changed the preceding mode of practice and permitted the defeated party in all personal actions tried at the circuit to move for a new trial upon exceptions or a case, or demurrer to evidence, or for newly-discovered evidence. But the proceedings which it authorized were restricted wholly to the circuit in the first instance, and then, by way of appeal, to the Supreme Court. The case could go no further. For the act provided for no other proceedings by way of review. And this practice provided for by the act was considered to remain in force after the enactment of the Code of Procedure.

This subject was before the Court of Appeals in *Tracey* v. *Altmyer* (46 N. Y., 598), where it was held that a motion for a new trial might be made in the action after the entry of judgment, and that "the General Term had the power to review this order upon the merits and upon any and every ground connected therewith," and " it was its duty so to do." (Id., 604.) And that certainly continued to be the law upon this subject until the enactment of the Code of Civil Procedure; and that has been made to include the same practice, for by section 1005,

which in its language and effect is very much the same as the pro-
ceeding permitted in section 1 of the act of 1832, it has been
declared that the entry of final judgment and the subsequent pro-
ceedings to collect or otherwise enforce it, are not stayed by an
exception or the settlement of a case or a motion for a new trial,
without an order directing a stay. But it has been added that " the
entry, collection or other enforcement of a judgment does not
prejudice a subsequent motion for a new trial. Where a new trial
is granted, the court may direct and enforce restitution, as where
a judgment is reversed upon appeal." This section is applicable
only to the courts before which issues of fact may be tried by a
jury, and they are empowered, after the rendition of a verdict, to
entertain a motion for a new trial. It has no application to the
Court of Appeals, and, therefore, has worked no change in the power
to review an order granting or denying a new trial in that tribunal.
But in the Supreme Court and other courts of co-ordinate jurisdic-
tion, it has plainly secured the right to bring on and dispose of the
motion, although final judgment may have been entered, and
the judgment itself may have been enforced or satisfied. The sec-
tion is complete and ample for this object, and when an order shall
be entered upon the decision of a motion mentioned in this section,
it has been further provided by section 1347, that an appeal may ·
be taken from it to the General Term of the same court. The
authority prescribed for this purpose is entirely unqualified, and is
in no respect made dependent upon the omission to enter a final·
judgment in the action. An exception has been made to the right
to appeal mentioned in subdivision 2 of this section, but as this case
is not within the exception it does not require to be considered in
the disposition of the motion. The practice which has been in this
manner created, was designed, as it has been expressed, to provide
for a review of the trial after the judgment may have been entered
and even collected. And this practice includes not only the motion
itself for a new trial, which may be made either before or after the
entry of final judgment, but for an appeal to the General Term of the
court in which the action may be pending. And so it was considered in
*Luddington* v. *Miller* (36 N. Y. Supr. Ct. [4 J. & S.], 1), and this has
been generally followed in *Lane* v. *Bailey* (45 Barb., 119); *Valton*
v. *National, etc., Society* (19 How. Pr., 515); *Pumpelly* v. *Village of*

*Owego* (22 id., 385); *Gannon* v. *Campbell* (19 Abb. Pr., 164, note); and by this General Term in the case of *Ross* v. *Third Avenue Railroad Company*, already mentioned. But it was denied in *Soverhill* v. *Post* (22 How., 386) and by other decisions, which, as they are not now controlling, do not require to be noticed; for, by the statutory provisions which have already been referred to, there appears to be no reasonable ground for doubting the authority of the court at the trial or the Special Term, to hear a motion for a. new trial either before or after final judgment, or the authority of the General Term to review the decision made upon such motion..

The practice is different in the Court of Appeals, but that does not affect the course of proceeding under these statutory enactments. in the Supreme Court or in other courts of local co-ordinate jurisdiction. Neither does section 1200 of the Code of Civil Procedure; stand in the way of the defendant's right to have the appeal heard which has been brought from the order. For that is necessarily qualified by the other sections securing this right to review the. order denying a new trial. And if that shall prove to be successful, then the control which the court has over its judgments will supply all needed authority to vacate it and conform it to the order setting aside the verdict. For without a verdict to support a judgment it would be a practical nullity.

It has been objected, that the notice of the entry of the judgment; did not limit the time to take an appeal from it, according to the recent decision of *Good* v. *Daland* (23 North East. Rep., 474). Whether it did or not, it is unimportant to inquire, inasmuch as sufficient authority is found to entitle the defendant to take this. appeal even though the notice may have been in full compliance. with the provisions of the Code permitting it to be served.

The motion to dismiss the appeal should be denied, with ten dollars costs.

BRADY, J., concurred.

Motion to dismiss appeal denied, with ten dollars costs.