STEVENS VOISIN, Appellant, *v.* THE COMMERCIAL MUTUAL INSURANCE COMPANY, Respondent.

The General Term has power to entertain an appeal from an order granting or denying a motion for a new trial in an action tried by a jury, without regard to the question as to whether a judgment has been entered upon the verdict or not. (Code Civ. Pro. §§ 997, 999, 1005, 1006, 1189, 1337, 1347.)

After a trial by a jury and a verdict for defendant, the plaintiff moved for a new trial upon the judge's minutes, which was denied, and defendant thereupon entered judgment and gave notice thereof to plaintiff. No appeal was taken from the judgment, but after the time for doing so had expired an appeal was duly taken from the order denying the

motion for a new trial. On motion to dismiss, *held*, that the appeal was properly brought.

*It seems* that previous to 1832 no motion for a new trial, founded upon error alleged in the proceedings on the trial, could be made after judgment had been entered in the action, and that the only mode of obtaining a retrial was by an appeal from the judgment; but the rule in this respect was changed by the act of that year (Chap. 128, Laws of 1832), and the act of 1833 (Chap. 271, Laws of 1833), and under these acts the right to review proceedings upon the trial at Circuit by a motion for a new trial founded upon the judge's minutes, a case or exceptions, was secured to the defeated party, notwithstanding the entry of judgment in the action, and this right was preserved by the Code of Procedure.

*Snebley* v. *Conner* (78 N. Y. 218); *Kennicut* v. *Parmalee* (109 id. 650); *Harris* v. *Burdett* (73 id. 136), distinguished.

Reported below, 56 Hun, 215.

(Argued June 16, 1890; decided October 7, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 28, 1890, which denied a motion to dismiss an appeal from an order denying a motion by plaintiff for a new trial.

The facts, so far as material, are stated in the opinion.

*Frederic R. Coudert* and *Wm. Mitchell* for appellant. No right to appeal from an order denying a motion for a new trial, made before entry of judgment, exists after the right to appeal from the judgment has expired. (Code Civ. Pro. § 1200; *Derleth* v. *DeGraff*, 104 N. Y. 661; *Soverhill* v. *Post*, 22 How. Pr. 386; *Ross* v. *T. A. R. R. Co.*, 109 N. Y. 645; *Lavelle* v. *Skelley*, 24 Hun, 642; 90 N. Y. 546.)

*Treadwell Cleveland* for respondent. The appeal from the order denying the motion for a new trial is regular, though taken after the time to appeal from the judgment had expired, and without appealing from the judgment. (Code Civ. Pro. §§ 999, 1005, 1293, 1347, 1351; Laws of 1832, chap. 128; *Genovese* v. *Mayor, etc.*, 14 N. Y. S. R. 197; Baylies on N. T. & App. 46, 120; *T. A. R. R. Co.* v. *Ebling*, 100 N. Y. 98;

*Fry* v. *Bennett,* 7 Abb. Pr. 322; *Kilmer* v. *Hathorn,* 78 N. Y. 228; *Blydenburg* v. *Johnson,* 9 Abb. [N. C.] 459; *Tracey* v. *Altmyer,* 46 N. Y. 598; *Tucker* v. *White,* 27 How. Pr. 97; *Pumpelly* v. *Village of Owego,* 22 id. 385; *Valton* v. *N. L. F. L. A. Society,* 19 id. 515; *Gannon* v. *Campbell,* 19 Abb. Pr. 164; *Laning* v. *N. Y. C. R. R. Co.,* 49 N. Y. 521; *People ex rel.* v. *McKinney,* 32 N. Y. 374; *Kilmer* v. *Bradley,* 80 id. 630.) The time to appeal from the judgment has not yet begun to run. (*Good* v. *Daland,* 23 N. E. Rep. 474.) The order of the General Term sought to be reviewed here is not appealable, since it relates to a matter of practice and is discretionary. (*Barry* v. *M. L. Ins. Co.,* 53 N. Y. 536; *Folger* v. *Fitzhugh,* 41 id. 228; *Dietz* v. *Farish,* 11 J. & S. 87; *Brick's Case,* 15 Abb. Pr. 12, 36; *S. Bank* v. *R. R. Co.,* 88 N. Y. 110; Baylies on N. T. & App. 222.)

Ruger, Ch. J. It is quite necessary in the consideration of this appeal to bear in mind the precise question raised by the case presented. After a trial by jury and a verdict for the defendant, the plaintiff moved for a new trial upon the judge's minutes, which motion was denied. The defendant thereupon entered judgment and gave notice of such entry to the plaintiff. No appeal from such judgment was taken, and the time for doing so expired before an appeal was taken from the order denying the motion for a new trial. After the denial of the motion, a case was regularly made and served upon the defendant by the plaintiff, and an appeal from the order denying a new trial duly taken. The defendant, upon proof that judgment had been regularly entered and no appeal taken therefrom, moved at General Term to dismiss the appeal, which motion was denied.

The appeal to this court is from the decision of the General Term, refusing to dismiss the appeal to that court. The question presented is, whether an appeal lies to the General Term from a decision of the trial court denying a motion for a new trial made upon the judge's minutes in an action tried by a jury, except in connection with, or previous to an appeal from

the judgment. It is very probable, in the absence of express provisions of law allowing it, that such an appeal would not lie. A judgment is defined by the Code of Procedure (§ 245, chap. 438, Laws of 1849) to be "the final determination of the rights of the parties to the action," and this definition conforms, not only to the character of a judgment as described in the Code of Civil Procedure, but also to that ascribed to it by legal authorities generally. (1 Bouv. Inst. § 676; *Clason* v. *Shotwell*, 12 Johns. 30.)

Previous to the act of 1832 (Chap. 128), no motion for a new trial, founded upon error alleged in the proceedings on the trial, could be made after judgment had been entered in the action. (*Jackson* v. *Chace*, 15 Johns. 353; *Rapelye* v. *Prince*, 4 Hill, 119; Sup. Ct. Rules, 1799; *Tracey* v. *Altmyer*, 46 N. Y. 598.)

It was considered that all such proceedings had merged in the judgment, which was the final determination of the issues, and could be reviewed only by an appeal from such judgment. The character which has thus been given to a judgment has been preserved from the earliest times to the present, and whatever limitations have been imposed upon its effect as a final determination of the action, are based upon special statutes prescribing the conditions upon which they were founded. It is, undoubtedly, competent for the legislature to limit the effect of a judgment as respects the right and mode of granting relief to an aggrieved party from any of the proceedings in an action, and where it has indicated a clear intention to protect the right of review from the effect of such judgment, it is the duty of the court to give effect to the legislative intention.

There is hardly any question of practice, since the adoption of the Code, which has given rise to more conflicting and irreconcilable decisions and views among judges than that relating to appeals from orders granting or denying motions for new trials, whether founded upon a case, exceptions, judge's minutes, or otherwise, and it would be a vain and unprofitable task to attempt to review and reconcile the numerous views expressed by the courts upon this subject. It is unquestionable

that the rule governing such appeals now, is contained in the provisions of the Code of Civil Procedure, and whatever may be the mode prescribed thereby, it must control the determination of this appeal. A review of prior decisions might be useful for the purpose of interpretation, if the provisions of the Code of Civil Procedure were doubtful or ambiguous; but for any other purpose it would be unprofitable and misleading, and the present question must be determined by the existing statutes, which are, in many respects, materially different from the prior modes of practice. A general view of the condition of the practice previous to the adoption of the Code of Civil Procedure, is all that is necessary for the purposes of this discussion.

It is nowhere disputed but that, prior to the act of 1832, the only mode of reviewing the proceedings occurring on a trial, with a view of obtaining a retrial of the action, was by an appeal from the judgment, and a consideration of such questions as were presented by the judgment-roll. By chapter 128 of the act of 1832, and chapter 271 of the Laws of 1833, a great change was effected in the practice, and it was therein substantially provided that in actions tried before a jury whenever a case was made, a bill of exceptions taken, demurrer to evidence interposed, or a motion for a new trial upon newly discovered evidence made, and no stay of proceedings had been granted, the party in whose favor the verdict was rendered might perfect judgment and issue execution; but it was, nevertheless, lawful for the defeated party to obtain a rehearing before the Supreme Court and, in case he succeeded, it might set aside the verdict and order restitution. Such applications were required to be heard in the first instance before the judge holding the Circuit, and an appeal was authorized to be taken from his decision to the Supreme Court. Rules were adopted by the Supreme Court to carry out the provisions of the statute (9 Wend. 246; Supreme Court Rules of 1837) and the courts followed these rules until the acts of 1832 and 1833 were supposed to be superseded by the enactment of the Codes of 1848 and 1849, and the amendments of 1851 and

1852. No doubt can be suggested but that under this statute the right to review in the Supreme Court the proceedings upon a trial at Circuit by a motion for a new trial, founded upon the judge's minutes, a case or exceptions, was secured to the defeated party, notwithstanding the entry of judgment in the action. (*Tracey* v. *Altmyer, supra.*)

The Codes of 1848 and 1849 provided that where a verdict was rendered, the court should make an order of the judgment to be entered, or that the case should be reserved for argument or further consideration. In case no reservation was made the clerk was required to enter judgment immediately, in conformity with the verdict, which became final in four days after entry. If an exception was taken, it might be reduced to writing at the time, or entered in the judge's minutes, and afterward settled as provided by the rules of court, and then stated in writing in a case, or separately, with so much of the evidence as might be material to the questions to be raised. The judge who tried the case could, in his discretion, entertain a motion to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or excessive damages, if made at the same term or circuit at which the trial was had. If such motion was heard and decided and an appeal was taken from the decision, a case or exceptions was required to be settled in the usual form, upon which the argument or appeal was to be had. (§§ 264, 265, 268 Wait's Ann. Code, 1871.) It was also expressly provided that the only mode of reviewing judgments or orders in a civil action, should be that prescribed by title 2 of chapter 438 of the Laws of 1849, section 323. Under this Code a great diversity of views prevailed as to whether a review of the questions of fact arising on a trial by jury could be had on appeal to the Supreme Court, after judgment had been entered in the action. Some of the leading cases in the Supreme Court holding the affirmative of this proposition were *Pumpelly* v. *Village of Owego* (22 How. Pr. 385); *Lane* v. *Bailey* (30 id. 76); *Tucker* v. *White* (27 id. 97). The most prominent cases on the other side are, probably, those of *Jackson* v. *Fassett* (21 How. Pr.

279); *Soverhill* v. *Post* (22 id. 386); *Anderson* v. *Dickie* (17 Abb. Pr. 83). The case of *Tucker* v. *White* was decided in 1864; Judge Grover, writing the opinion although vigorously controverting the correctness of the view, concedes that the weight of authority was then in favor of the proposition that the entry of an absolute judgment was fatal to an appeal from an order in such cases. It is quite significant that among the numerous cases relating to this question in the Supreme Court, the act of 1832 is seldom, if ever, cited or referred to, showing, we think, that it was quite generally understood at that time that the act had been superseded by the Code. The mode of reviewing both questions of law and of fact arising upon trial by a jury, as well as before the court alone, or before a referee, under the Code of Procedure, is quite learnedly discussed by Judge Hogeboom in *Morange* v. *Morris* (20 How. Pr. 259), and his theory of the practice seems to accord with the provisions of the Code, not only as they existed then, but as affected by the adoption of the Code of Civil Procedure, except in respect to the time when motions for a new trial at Special Term should be made, and may be read with profit by those who are in doubt as to the correct practice in preparing appeals 'to be heard at the General Term. Upon a careful consideration of the authorities in 'this court, I am of the opinion that the weight of authority here has been in favor of the right of the Supreme Court to entertain an appeal from an order granting or denying a motion for a new trial, without regard to the question whether judgment has been entered or not. In the case of *Pumpelly* v. *Village of Owego* (22 How. Pr. 385), decided in 1862, the General Term held that an appeal would lie to the General Term from an order made at Special Term denying a motion for a new trial, when judgment had been entered before the appeal was taken, but after the order appealed from was made. This decision was affirmed in this court in 1864, without an opinion. (26 How. Pr. 602.) In *Folger* v. *Fitzhugh* (41 N. Y. 228), the plaintiffs had a verdict and the defendants made a case containing exceptions. No motion was

made at Circuit for a new trial. The plaintiffs afterwards entered judgment, and the defendants appealed therefrom to the General Term, where a qualified affirmance .was had, but with leave to the defendants to apply at Special Term for a new trial on a case. Such motion was made and a new trial granted, and this order was affirmed at General Term. Upon appeal to this court the appeal was dismissed. It is somewhat difficult to determine the precise ground upon which this decision was based, as a majority of the court did not agree upon any of the propositions suggested by the several members of the court, and the case can hardly be considered authority upon any particular proposition; but it undoubtedly resulted in sustaining the right of the Supreme Court to entertain an appeal from the order after judgment. In the case of *Tracey* v. *Altmyer* (*supra*), decided in 1871, the question, as stated by Judge GROVER, was "whether a motion can be made at Special Term for a new trial upon the ground that the verdict is against the weight of evidence, or surprise, or newly discovered evidence, or the misconduct of the jury, or other ground, after the entry of judgment." Judge GROVER further says: "There is obviously no distinction between this class of cases. If it can be so made in one, it can in all." It was held that the Code expressly gave the right to a defeated party to move for a new trial at the Circuit or Special Term upon the judge's minutes, or a case, and that the successful party could not defeat that right by entering a judgment on the verdict. Judge GROVER thus saw the views expressed by him in 1864, in *Tucker* v. *White*, adopted by the Court of Appeals. This decision seems not to have been questioned subsequently, and it must be deemed to have expressed the views of this court upon the question decided as affected by the Code in force at that time. Under that Code it was held that the only mode of reviewing the facts in a case tried by a jury was upon a motion made before the judge trying the case, or at Special Term, for a new trial, and if such motion could not, for any reason, be made, the defeated party manifestly had no opportunity to review the trial upon the facts. ( *Wright* v. *Hunter,*

46 N. Y. 409.) The practice governing the review of trials of issues of fact before the court alone, or a referee, was, of course, different, being regulated by special provisions. (Id.)

The Code of Civil Procedure, subsequently adopted, contained many specific provisions relating to motions for new trials in cases tried before a jury, but they all tended to make more definite and certain the right of a defeated party to secure a review of a trial by jury upon the facts before the General Term. It is thereby provided that " the judge presiding at a trial by jury may, in his discretion, entertain a motion made upon his minutes at the same time to set aside the verdict, or a direction dismissing the complaint and grant a new trial upon exceptions, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law. If an appeal is taken from the order made upon the motion, it must be heard upon a case prepared and settled in the usual manner." (§ 999, as amended in 1889.) " The taking of an exception upon a trial by a jury, or the statement thereof in a case as prescribed by this article, does not prejudice a motion for a new trial on the ground that the verdict was contrary to evidence, but such a motion may be made before or after the hearing of the exception, or, in the discretion of the court before which the exception is heard, at the time of the hearing." (§ 1006.) The notes of the stenographer taken at the trial may, in the discretion of the judge, be treated as the minutes of the judge for the purposes of this article. (§ 1007.) " When a party intends to appeal from a judgment rendered after the trial of an issue of fact, or to move for a new trial of such issue, he must, except as otherwise prescribed by law, make a case and procure the same to be settled and signed by the judge or the referee by or before whom the action was tried as prescribed in the general rules of practice." (§ 997.)

In a case tried before a jury, an exception must be taken on the trial before the jury has rendered a verdict (§ 994), but when the trial is by the court alone, or before a referee an exception to a ruling of law may be taken at any time within

ten days after service of written notice of the entry of judgment. (§ 994.) The clerk is required to enter judgment in favor of the party who obtains the verdict if he requests it, unless a different direction is given by the court. (§ 1189). Rule 32 of the Supreme Court provides that "where it shall be necessary to make a case, or a case and exception, or a case containing exceptions, it shall be made and a copy thereof served on the opposite party, if the trial were before a jury, within ten days after the trial or within ten days after the notice of the decision of a motion for a new trial, if such motion be made and be not decided at the time of trial, or within ten days after notice of the entry of judgment under section 1185 of the Code." An appeal to the General Term from an order made by the trial judge or the Special Term, granting or refusing a new trial, is expressly authorized by section 1347.

Section 1005 provides that "the entry of final judgment and the subsequent proceedings to collect or otherwise enforce it, are not stayed by an exception, the preparation or settlement of a case, or a motion for a new trial, unless an order for such a stay is procured and served, and the entry, collection or other enforcement of a judgment, does not prejudice a subsequent motion for a new trial. When a new trial is granted the court may direct and enforce restitution, as when a judgment is reversed upon appeal."

A note to this section by the codifiers states that it had its origin in section 1 of the Laws of 1832, and it may properly be considered a re-enactment of that section. It was held in *Chapin* v. *Thompson* (80 N. Y. 275), that this section applied to a motion for a new trial of the action, and did not affect the questions upon motions for a new trial of issues framed for a jury trial, in actions triable by the court.

Under the provisions referred to it cannot, we think, be questioned but that a defeated party on a trial at Circuit before a jury, has a right to move for a new trial before the judge trying the case, or at Special Term upon the judge's minutes or a case, and have a review in General Term of a

decision on such motion, whether judgment has been entered in the action or not. The right given to him by the statute to make a case and present it to the court for adjudication, would otherwise be an idle ceremony, and entirely ineffectual to accomplish any purpose.

This is placed beyond controversy by the express provisions of section 1005, authorizing the prosecution of the proceedings to secure a new trial upon a case not only after judgment, but even after its collection. The language of this section is plain, and no reason seems to exist for denying to it the effect which its language imports. No doubt would probably have existed over this proposition, had it not been for some misconception as to the position of this court as indicated by its decisions in the cases of *Derleth* v. *De Graff* (104 N. Y. 661) and *Ross* v. *Third Ave. R. R. Co.* (109 id. 645).

The *Derleth* case was an appeal to this court from an order of the General Term affirming the judgment of the trial court, and also an order denying a motion for a new trial on a case. In the *Ross* case the appeal to this court was from an order of the General Term, which affirmed an order denying a motion by defendant to set aside a verdict, and for a new trial. These were both cases involving only the right of appeal to this court from the General Term, and cannot, with any just reason, be construed as involving the jurisdiction of the General Term to hear and determine appeals from orders on a case. They were intended to express the views of this court as to the finality of the jurisdiction of the Supreme Court over questions of fact arising upon trial before a jury. The Code expressly gives such jurisdiction to that court, and expressly denies it to this. (Code, §§ 1337, 1347.) The decisions then made were founded upon the want of power in this court to review the determination of the General Term in actions tried by a jury, where the decisions of that court were, or might have been, based upon a review of the facts. These decisions were in accordance with the principle laid down in numerous cases in this court, and no doubt ought any longer to exist as to the correct practice.

We held in the case of *Harris* v. *Burdett* (73 N. Y. 136) that an "appeal from an order of General Term granting a new trial in a jury cause will not be entertained, if any material and controverted question of fact was involved on which the General Term might have granted the new trial. Its appealability does not depend upon whether it was or was not granted on questions of fact. Nor can it be made to appear that it was not granted upon a question of fact, for the opinion cannot be referred to, and the ground of reversal. cannot be inserted in the order." It was not by this decision intended to hold, that where the General Term have certified in their order that they have examined the facts and have determined that no reason appears therein for granting a new trial, but that this court have power to review its determination upon the questions of law in the case.

In *Snebley* v. *Conner* (78 N. Y. 218) there was an appeal by the defendant to the General Term from a judgment for the plaintiff upon a verdict, and also from an order denying a motion for a new trial upon the minutes. The General Term reversed both the judgment and the order denying the motion. Upon appeal to this court, it was held that the record presented no question for review here. Judge EARL, writing the opinion, says " the facts were before the General Term, and it had the power to grant a new trial upon the facts, and it may have done so. We cannot say that it did not. We cannot look at the opinion given at General Term for the reasons as grounds of the decision there pronounced. If the new trial was granted upon the facts, the decision is not reviewable here, and the appellant in such a case fails to show that the General Term committed an error of law." (*Wright* v. *Hunter*, 46 N. Y. 409; *Whitson* v. *David*, 81 id. 645.)

In *Kennicutt* v. *Parmalee* (109 N. Y. 650) the appeal was from an order of the trial judge, setting aside a verdict, and granting a new trial affirmed by the General Term. Judge EARL, writing the opinion in this court, says: " The motion for a new trial does not appear to have been based solely upon exceptions or questions of law, and hence the motion may

have been granted by the trial judge in the exercise of his discretion upon the facts. That such an appeal does not bring anything for review to this court has been settled by numerous decisions."

No such question is involved in this appeal. The question here is whether the General Term had the power to entertain an appeal from the order of the trial judge denying a motion for a new trial upon the minutes, where a case had been properly made and served, after judgment had been entered. This court has never decided that such an order was not appealable to the General Term. When such appeal is heard at General Term, the question may arise whether an appeal will, upon any ground, lie to this court from the order of that court; but it is quite certain that we have no right to hold that the appeal cannot be heard by that court.

The order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.