The subsequent adoption of a precaution against an accident is not provable for the purpose of establishing prior negligence. Simpson *v.* Man. Ry. Co. 17 N. Y. St. Rep. 68; Dougan *v.* Champlain Trans. Co., 56 N. Y. 1; Baird *v.* Daly, 68 Id. 547; Salters *v.* D. & H. Canal Co., 3 Hun, 338.

Evidence that a railroad company had repaired a defect in a sidewalk along its passenger depot was held competent upon the question as to whether it had control over that sidewalk. Bateman *v.* N. Y. C. & H. R. R. R. Co., 47 Hun, 429; Morrell *v.* Peck, 88 N. Y. 398.

Proof that a municipal corporation had remedied the defective condition of the street four years after the accident, is immaterial. Allison *v.* Village of Middleton, 27 W. Dig. 21.

In Guilladen *v.* Coast Wrecking Co., 18 W. Dig. 303, it was held to be competent to show how the defect in a machine was remedied shortly after the injury, in order to show how easily and safely it could have been done before.

Evidence that a broken chain was replaced by a larger and stronger one after the accident was held to be inadmissible. Delaney *v.* Hilton, 50 Supr. 341; see Dale *v.* Delaware, etc., R. R. Co., 73 N. Y. 468; Baird *v.* Daly, 68 Id. 547; Painter *v.* Northern C. R. R. Co., 83 Id. 7.

The fact that, since the occurrence, cinders had not fallen to so great an extent as before, was held to be competent, as tending to show that some contrivance could have been adopted to prevent them from falling. Searles *v.* Man. E. R. R. Co., 49 Supr. 425.

But evidence of a subsequent repair was held inadmissible, in Henkel *v.* Murr, 31 Hun, 28, in order to show knowledge of a dangerous condition at the time of the injury.

---

JOHN R. WILLIAMS, Appellant, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

*Court of Appeals, April 21, 1891.*

1. *Appeal. Questions of fact.*—An order of the general term granting a new trial, in an action tried before a jury, and presenting a conflict of evidence, which may have been made upon the facts, though the record does not show that it was, cannot be reviewed upon an appeal to the court of appeals.

2. *Same.*—Such order is not appealable, though it was based upon questions of law only, unless it appears that the general term passed upon the facts unfavorably to the appellant.

Appeal from an order of the general term of the supreme court reversing a judgment entered on a verdict in favor of the plaintiff, and also reversing an order denying a motion for a new trial.

Action to recover damages sustained by the plaintiff, as he alleged, through the negligence of the defendant.

The facts, so far as they are material, appear in the opinion.

*E. Countryman,* for appellant.

*Louis Marshall,* for respondent.

VANN, J.—After a verdict had been rendered in favor of the plaintiff, upon a substantial conflict in the testimony, the defendant moved for a new trial on a case containing all the evidence and the exceptions, but the motion was denied. Judgment was thereupon entered on the verdict, and the defendant appealed therefrom to the general term, and also from the order denying the motion for a new trial. The general term reversed both the judgment and the order, and in its order of reversal stated " that the court erred in refusing to nonsuit the plaintiff," but did not state how any other question, either of law or fact, was determined. The plaintiff appealed to this court from the order of reversal, and stipulated that, if it should be affirmed, judgment absolute should be rendered against him.

Where an order of the general term granting a new trial, in an action tried before a jury and presenting a conflict of evidence, may have been made upon the facts, although the record does not show that it was, it cannot be reviewed upon appeal to this court, because it is impossible to say, from an inspection of the record, that the court, in making the order, did not direct a new trial in the exercise of its discretion to do so upon a review of the facts. Wright *v.* Hunter, 46 N. Y., 409; Sands *v.* Crooke, id., 564; Dickson *v.* Broadway &

Seventh Avenue R. R. Co., 47 id., 507 ; Downing *v.* Kelly, 48 id., 433 ; Courtney *v.* Baker, 60 id., 1 ; Wagner *v.* Long Island R. R. Co., 70 id., 614 ; Whitson *v.* David, 81 id., 645 ; Bronk *v.* N. Y. & N. H. R. R. Co., 95 id., 656 ; Pharis *v.* Gere, 107 id., 231 ; Randall *v.* Randall, 114 id., 499 ; 23 N. Y. State Rep., 845.

In such a case, even if it conclusively appears that the decision of the general term was based on questions of law only, the order is not appealable to this court unless it also appears that that court passed upon the facts unfavorably to the appellant, because it might result in depriving the party against whom the judgment at circuit was rendered of the review by the general term of the facts to which the law entitles him. Harris *v.* Burdett, 73 N. Y., 136 ; Snebley *v.* Conner, 78 id., 218 ; Kennicutt *v.* Parmalee, 109 id., 650 ; 15 N. Y. State Rep., 515.

In Harris *v.* Burdett, *supra*, the court said : " Where exceptions have been taken, and a motion for a new trial has also been made upon the minutes or at special term, the unsuccessful party may waive any further review upon the facts and appeal to the general term from the judgment and this appeal will bring up the exceptions only. Or, where an appeal is taken from the order refusing a new trial, as well as from the judgment, the general term may reverse the judgment upon the exceptions and at the same time affirm the order refusing a new trial upon the facts. In either of the cases supposed the order of the general term is appealable. But in no other will such an appeal lie where the trial has been by jury, if controverted and material questions of fact are involved and a motion for a new trial has been made on the evidence."

In Voisin *v.* Commercial Mutual Ins. Co., 123 N. Y., 120, 131 ; 33 N. Y. State Rep., 160, the court referring to Harris *v.* Burdett, said that it was not intended to hold in that case " that where the general term have certified in their order that they have examined the facts, and have determined that

no reason appears therein for granting a new trial, but that this court has power to review its determination upon the questions of law in the case.

Upon the argument of this case when the question was raised as to the appealability of the order, the counsel for the appellant recognized its force, and himself moved that the appeal be dismissed, so that the plaintiff, as he could not obtain a review in this court, could go back to the circuit, and re-try the case, but the motion was earnestly opposed by the counsel for the respondent, who insisted that the order should be affirmed, and the litigation ended. The question is presented, therefore, whether the appeal should be dismissed, or the order affirmed, and judgment absolute rendered against the plaintiff upon the stipulation contained in his notice of appeal.

In each of the cases cited the appeal was dismissed except in Snebley *v.* Conner and Kennicutt *v.* Parmalee, where the court refused to dismiss, and affirmed the order upon the ground that the practice is well established and known; but it also took into account the character of those cases, and presumably held that the appeals, even if they could have been heard, would have been fruitless.

In Sands *v.* Crooke, *supra,* the court said that it was unnecessary to examine the exceptions except to determine whether judgment absolute should be rendered upon a valid exception being found, or the appeal dismissed if no exception should be held to have been well taken.

In Dickson *v.* Broadway & Seventh Ave. R. R. Co., *supra,* while the appeal was dismissed, the court intimated that thereafter if parties did not elect to apply for leave to dismiss such appeals, but insisted upon the experiment of submitting the case to the court, they might be compelled to abide by their stipulation, and have judgment absolute against them.

In Courtney *v.* Baker, *supra,* it was said that the appellant should have proceeded to a new trial, or should have procured the order of the general term to be so settled as to

deny the motion for a new trial on the evidence, and thus show on the record that it was granted on the exceptions only.

In Bronk *v.* N. Y. & N. H. R. R. Co., *supra*, although both parties desired that the court should entertain the appeal, it refused to do so.

In Pharis *v.* Gere, *supra*, an order was made dismissing the appeal, unless, within a limited time, the appellant should procure " the order of reversal to be so amended as to give to this court jurisdiction to hear the appeal."

It is necessary that parties should heed the repeated admonitions of the court that such appeals as the one under consideration will not be entertained unless it appears from the record, of which the opinion forms no part, that the order was affirmed as to the facts, or the appeal therefrom dismissed, and that the new trial was granted upon the exceptions only. If parties persist in bringing appeals in disregard of this well established and vital point in practice, it may become necessary to affirm the order instead of dismissing the appeal therefrom, in order to impress upon them and others the futility of such a course. However, no invariable rule upon the subject has yet been laid down and we do not feel called upon to announce such a rule in deciding this controversy.

We are of the opinion that under all the circumstances justice will be promoted in this case by simply dismissing the appeal, with costs, and it is ordered accordingly.

All concur, except FOLLETT, Ch. J., not sitting, and BROWN, J., absent.

See Hannigan *et al.*, *v.* Allen *et al.*, *ante.*