(12 Misc. Rep. 23.)

### WHITMAN et al. v. JOHNSON.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

APPEAL—REVERSAL.

Where an appeal is taken from an order denying a motion for a new trial, but not from the judgment, and the order is reversed, the order of reversal should also provide for setting aside the judgment and for restitution of moneys paid under it; Code Civ. Proc. § 1005, providing that the entry of final judgment may be stayed by order on a motion for a new trial, but, where a new trial is granted, the court may direct and enforce restitution as where the judgment is reversed on appeal.

Settlement of order reversing an order denying a motion for a new trial. 31 N. Y. Supp. 1009.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Osgood Smith, for plaintiffs.

Southard & Fairchild, for defendant.

DALY, C. J. The plaintiffs appealed from an order denying their motion for a new trial, but not from the judgment dismissing their

complaint.    The order having been made at a trial term of this court, the appeal from it could be entertained by our general term. Voisin v. Insurance Co., 123 N. Y. 120, 25 N. E. 325.    After hearing argument on the appeal, the general term ordered a new trial.    The order entered upon the decision reversed the judgment, and ordered a new trial, with costs to the appellant to abide the event; and also directed a restitution of the moneys collected under said judgment, being the costs and extra allowance awarded, with interest, and allowed judgment and execution therefor against defendant. The order was subsequently amended by striking out the provision reversing the judgment, and substituting in place thereof a direction that the order denying plaintiffs' motion for a new trial be reversed, with costs to the appellant to abide the event; and the question as to further resettlement of the order was referred to this general term.    The amended order should have also contained a provision that the judgment be vacated and set aside, and restitution of the moneys paid under it made to the plaintiffs, with judgment and execution therefor.    While there can, technically, be no reversal of a judgment which has not been appealed from, it must necessarily be vacated and set aside if a new trial be granted, since it is then wholly without foundation; otherwise, if plaintiffs recovered upon the second trial, there would be contrary judgments upon the same issues in the action; if, indeed, upon the second trial, the plaintiffs would not be embarrassed by a former unreversed adjudication upon the facts in favor of defendant.    The Code provides that the entry of final judgment, and the subsequent proceedings to collect or otherwise enforce it, may be stayed by order on a motion for a new trial; and that, where a new trial is granted, the court may direct and enforce restitution as where a judgment is reversed upon appeal.    Section 1005.    The authority to vacate the judgment if the motion for a new trial is granted is plainly implied in this section, for if the entry of judgment, or the enforcement of it, may be stayed pending the motion, the judgment is clearly made dependent upon the result of the motion.    The express authority in the section for ordering restitution if a new trial is granted implies that the judgment, if entered and collected pending the motion, is to be set aside.    Had the motion for a new trial been granted at the trial term or the special term, the judgment, if already entered, would have been necessarily vacated as part of the relief upon that motion.    Such was the practice in O'Gara v. Kearney, 77 N. Y. 423, which was a case resembling the present in many particulars: "The jury rendered a verdict in favor of the defendant.    Upon this verdict judgment was entered dismissing the complaint, and for $125 costs.    The costs were voluntarily paid to the defendant's attorney.    The judgment was afterwards, on motion, set aside, on the ground that improper evidence was admitted on the trial."    An order for restitution was made at special term in that case under the authority of section 1292 of the Code, which provides: "Where a judgment is set aside for any cause upon motion the court may direct and enforce restitution in like manner, with like effect and subject to the same conditions as where a judg-

ment is reversed upon appeal." Where the general term grants the relief which should have been given at trial term or special term upon a motion for a new trial, it may, of course, exercise the same power over the judgment possessed by the special term or trial term; and in granting a new trial may vacate the judgment and order restitution. As to the propriety of ordering restitution of the costs of the former trial collected under judgment which is now vacated, there can be little question. The parties should be restored to their original position. If defendant is again successful, and is entitled to the costs of the former trial, he can again tax them and collect them; if he is not (under the terms of the order awarding costs to the appellant to abide the event) entitled to the costs of the former trial (Cash-Car Co. v. Reinhardt [Com. Pl. N. Y.] 26 N. Y. Supp. 746), he should not retain them now, because he cannot have them in any event. It is to be observed also that the judgment includes an extra allowance which necessarily falls with it, and could not be taxed upon the new trial without a new order for allowance. The order of reversal as amended must therefore be further amended and settled by providing that the judgment entered by defendant in this action be vacated and set aside, and that plaintiffs have restitution of the amount collected thereon, and have judgment and execution therefor. All concur.